# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TORNITA N. CRENSHAW, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:17-cv-01148 |
| ) | Judge Trauger |
| GLORIA GROSS, Warden ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This is a habeas corpus action brought by Tornita Crenshaw, a state prisoner, under 28 U.S.C. § 2254. Before the court is the respondent's Motion to Dismiss Untimely Habeas Petition. (Doc. No. 15.) For the following reasons, the respondent's motion will be granted and this action will be dismissed.

### I.  Background

On August 15, 2008, a Davidson County jury convicted the petitioner of robbery, aggravated robbery, aggravated burglary, especially aggravated kidnapping, and coercion of a witness. (Doc. No. 13-1 at 40); *State of Tennessee v. Sandifer, et al.*, No. M2008–02849–CCA–R3–CD, 2010 WL 5343202, at *1 (Tenn. Crim. App. Dec. 21, 2010). The court sentenced the petitioner to an effective sentence of twenty-three years' imprisonment. (Doc. No. 13-1 at 101–02); *Sandifer*, 2010 WL 5343202, at *1. On December 21, 2010, the Tennessee Court of Criminal Appeals affirmed the petitioner's conviction and sentence. (Doc. No. 13-25); *Sandifer*, 2010 WL 5343202, at *25. The petitioner did not request permission to appeal from the Tennessee Supreme Court. (*Cf.* Doc. No. 13-27, Order of the Tennessee Supreme Court Denying Two Co-Defendants' Applications for Permission to Appeal.)

On December 21, 2011, the petitioner filed a state post-conviction petition in the Davidson County Criminal Court. (Doc. No. 13-29.) The court appointed counsel (Doc. No. 13-30), and the petitioner filed an amended petition on June 1, 2012. (Doc. No. 13-34.) On July 19, 2012, the petitioner withdrew her post-conviction petition. (Doc. No. 13-35 at 5.)

On April 11, 2016, the petitioner filed a petition for writ of error *coram nobis* in the Davidson County Criminal Court. (Doc. No. 13-36 at 58–64); *Crenshaw v. State of Tennessee*, No. M2016–01045–CCA–R3–ECN, 2017 WL 564898, at *2 (Tenn. Crim. App. Feb. 13, 2017). On April 25, 2016, the court dismissed the petitioner's *coram nobis* petition as barred by the applicable one-year statute of limitations. (Doc. No. 13-36 at 78–80); *Crenshaw*, 2017 WL 564898, at *2. The Tennessee Court of Criminal Appeals affirmed the dismissal of the petitioner's *coram nobis* petition. (Doc. No. 13-39); *Crenshaw*, 2017 WL 564898, at *4. On May 18, 2017, the Tennessee Supreme Court denied the petitioner's application for permission to appeal. (Doc. No. 13-43); *Crenshaw*, 2017 WL 564898, *perm. app. denied* May 18, 2017.

On August 14, 2017, the court received the petitioner's *pro se* habeas corpus petition. (Doc. No. 1.) The petitioner declared under penalty of perjury, however, that she placed the petition in the prison mailing system on August 10, 2017. (*Id.* at 10.) A habeas corpus petition is deemed filed on the date it is submitted to prison officials for mailing to the court. *Miller v. Collins*, 305 F.3d 491, 498–99 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). The court therefore considers the date of filing to be August 10, 2017.

## II. Timeliness of the Petition

There is a one-year statute of limitations for the filing of habeas corpus petitions. 28 U.S.C. § 2244(d)(1). This one-year period begins to run "from the latest of--"

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D). The running of the one-year period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

Here, as in most cases, the petitioner's period to file her habeas corpus petition began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). On December 21, 2010, the Tennessee Court of Criminal Appeals affirmed the petitioner's conviction on direct review. At that point, the petitioner had sixty days to file an application for permission to appeal to the Tennessee Supreme Court. Tenn. R. App. P. 11(b). The petitioner did not do so. Thus, the petitioner's judgment became final sixty days after the Tennessee Court of Criminal Appeals affirmed her conviction, or February 22, 2011.[1] The petitioner had one year from that date to file her federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A).

On December 21, 2011—302 days after the petitioner's judgment became final—the petitioner filed a state post-conviction petition. Under § 2244(d)(2), the limitations period was

---

[1] Under Rule 21(a) of the Tennessee Rules of Appellate Procedure, "[t]he last day of the period" is not included in the computation of time to appeal if "it is a Saturday, Sunday, or a legal holiday as defined by Tenn. Code Ann. § 15-1-101." The sixtieth day after December 21, 2010, was Saturday, February 19, 2011. Monday, February 21, 2011, was "Washington Day" as defined by Tenn. Code Ann. § 15-1-101. Accordingly, the following Tuesday, February 22, 2011, was the deadline for the petitioner to file an application for permission to appeal to the Tennessee Supreme Court.

3

tolled until the petition was no longer pending. Because the petitioner withdrew her post-conviction petition on July 19, 2012, the limitations period resumed on July 20, 2012. At that time, the petitioner had 63 days remaining in the statute of limitations. Thus, the last day that the petitioner could file a timely habeas corpus petition was September 21, 2012. The petitioner did not file her habeas petition in this court until August 10, 2017, almost five years after the statute of limitations expired.[2]

### III. Equitable Tolling

The petitioner argues that her habeas corpus petition is subject to equitable tolling. (Doc. No. 1 at 9–10; Doc. No. 22.) A petitioner seeking equitable tolling bears the burden of establishing: "(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)) ("[T]he petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling."). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by federal courts. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011).

The petitioner asserts that the court should review her claims in the interests of justice. (Doc. No. 1 at 9–10; Doc. No. 22.) Specifically, the petitioner argues that she was denied due process for the reasons stated in her habeas petition (Doc. No. 22 at 1) and that she withdrew her post-conviction petition under circumstances that constitute manifest injustice. (Doc. No. 1 at 10; Doc. No. 22 at 2–3.) According to the petitioner, her court-appointed post-conviction counsel

---

[2] On April 11, 2016, the petitioner filed a petition for writ of error *coram nobis* in state court. By that time, however, the statute of limitations had already expired and could not be revived. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

4

advised her to withdraw her petition as part of an agreement with the district attorney. (Doc. No. 1 at 10; Doc. No. 22 at 2.) Under this agreement, the petitioner would withdraw her post-conviction petition, and the district attorney would ensure that her kidnapping charge was dismissed. (*Id.*) After the petitioner withdrew her post-conviction petition, however, the district attorney's office did not follow through with its end of the deal. (*Id.*)

Even if the petitioner's assertions regarding the circumstances under which she withdrew her post-conviction petition are true, she has not carried the burden of demonstrating that she is entitled to equitable tolling. The petitioner argues that her post-conviction attorney's advice was "erroneous" (Doc. No. 22 at 2), but "a petitioner's reliance on the unreasonable and incorrect advice of his or her attorney is not a ground for equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (citing *Jurado v. Burt*, 337 F.3d 638, 644–45 (6th Cir. 2003)). Moreover, any unfulfilled agreement struck between the petitioner's post-conviction attorney and the district attorney did not actually affect her ability to file a federal habeas corpus petition. Thus, this unfulfilled agreement was not an extraordinary circumstance standing in the way of requesting federal habeas relief. *See Holland*, 560 U.S. at 649. The petitioner had about two months remaining of the limitations period to file a federal habeas petition after she withdrew her post-conviction petition, but she waited about five years to do so. This delay reflects that the petitioner was not diligent in pursuing her rights. *See id.* Accordingly, the petitioner is not entitled to equitable tolling.

IV. **Conclusion**

The petitioner filed her habeas corpus petition after the statute of limitations expired, and she has not demonstrated that she is entitled to equitable tolling. The respondent's Motion to Dismiss Untimely Habeas Petition (Doc. No. 15) will therefore be granted.

Federal Rule of Appellate Procedure 22(b)(1) provides that a petitioner cannot appeal the denial of a habeas corpus petition "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11(a) of the Rules Governing § 2254 Cases requires that a district court issue or deny a certificate of appealability when it enters a final order. A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of [her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that jurists of reason would not disagree that the petition is barred by the statute of limitations, and will therefore not issue a certificate of appealability.

An appropriate order is filed herewith.

ENTER this 22nd day of May 2018.

_____
ALETA A. TRAUGER
United States District Judge